# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**EDWARD LEE CARTER**                                                          **PETITIONER**
**ADC #109307**

**VS.**                  **CASE NO.: 5:12CV00126 JLH/BD**

**RAY HOBBS, Director,**                                                 **RESPONDENT**
**Arkansas Department of Correction**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Chief Judge J. Leon Holmes. Mr. Carter – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.    Introduction

Petitioner Edward Lee Carter, an inmate in the Arkansas Department of Correction, filed this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2), challenging his state aggravated robbery conviction and sentence. The underlying facts leading to Mr. Carter's conviction were recounted in this Court's Recommendation to dismiss in a previous federal habeas petition. *Carter v. Hobbs*, Case No. 5:10CV256 JLH/BD (E.D.Ark. dismissed Nov. 7, 2011). Here, Mr. Carter challenges the same conviction, although on slightly different grounds. Because this is an unauthorized second or successive habeas petition, the District Court should summarily dismiss the petition, without prejudice.

## III.   Discussion

Before filing a second or successive habeas petition in district court under §2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing the filing of a second or successive habeas petition, a district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147,

152-53, 157 (2007).[1]  Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the State – is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without authorization from the court of appeals.  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

From the face of the instant habeas petition, read together with other court records, it is obvious that this petition is a successive petition.  Mr. Carter challenges the same conviction in this petition as he did in his earlier petition.  And he does not allege or provide evidence that he has sought or received authorization from the Court of Appeals to file a successive petition.  Accordingly, this Court has no jurisdiction to consider the merits of this petition.

IV.   **Conclusion**

The Court recommends that Chief Judge Holmes dismiss Edward Lee Carter's petition for writ of habeas corpus, without prejudice, for lack of jurisdiction.

DATED this 11th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. § 2244(b)(2).